ADAMS, Justice.
This is a medical malpractice case. The appellant, Linda Faye Langer, appeals from a summary judgment entered in favor of Dr. Guy Coleman Oswalt, Jr.
The issue in this case centers around Dr. Oswalt’s treatment of a large staghorn kidney stone that had been found in Ms. Lan-ger’s left kidney. On December 14, 1984, Dr. Oswalt attempted to remove the stone by a procedure known as percutaneous ultrasonic lithotripsy. During the procedure, the stone broke into fragments and a one-centimeter segment could not be located. As a result, a nephrostomy tract was left in Ms. Langer’s kidney in anticipation of a subsequent attempt to remove the fragment. Ms. Langer was discharged on December 22, 1984; however, she returned for another percutaneous extraction on January 14, 1985.
On January 14, during the attempt to locate and remove the stone fragment, profuse bleeding began and Dr. Oswalt decided to remove Ms. Langer’s kidney. Ms. Langer later sued Dr. Oswalt, alleging medical malpractice.
Ms. Langer argues that the trial court erred in entering summary judgment, because, she claims, she properly supported her allegation that Dr. Oswalt breached the applicable standard of care.[1] She contends that the affidavit and deposition of her expert, Dr. William J. Morton, were sufficient to defeat the defendant’s motion for summary judgment. We agree.
In his deposition, Dr. Morton stated that he could find no fault with the initial procedure done by Dr. Oswalt. In addition, he agreed that he could find no fault in Dr. Oswalt’s decision to remove the kidney following the second extraction. However, Dr. Morton did state that, in his opinion, Dr. Oswalt breached the physician’s standard of care by performing the second extraction so soon after the first operation. He further stated that if Dr. Oswalt had been unable to remove the fragment in an open procedure then he should have known that the chances of success in the second extraction would be minimal so soon after the first procedure.
Dr. Oswalt offered evidence that Dr. Morton made the following statement:
“[Dr. Oswalt’s] position is that he was trying to do the simplest thing for her and not re-operate her. That’s his position, and I can’t argue with his position....”
However, pursuant to Pendarvis v. Pennington, 521 So.2d 969, 970 (Ala.1988), “we are bound to consider the expert testimony as a whole.” Malone v. Daugherty, 453 So.2d 721 (Ala.1984). In this case, Dr. Morton’s opinion, considered as a whole, was that Dr. Oswalt breached the applicable standard of care by going ahead with the second extraction without either waiting to see if the fragment caused problems for the patient or allowing the patient sufficient time to heal from the first procedure.
Dr. Morton, in his deposition, stated as follows:
*769 “Q. Since she had some problems initially, you think it should be anticipated she would have had—
“A. I think a surgeon who’s gone in one place and has had a problem and he figures he’s going to go right back there again, he’s got to figure, humm, is this same thing going to happen to me again? I believe a prudent surgeon would think that.
“So, I believe the best course of action and I think the standard of care would have been really to do nothing.”
We are of the opinion that the trial judge erred in entering summary judgment in favor of Dr. Oswalt, because Ms. Langer presented evidence that created a question for the jury. Therefore, the judgment is due to be, and it hereby is, reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and KENNEDY, JJ., concur.

. This case was filed on December 10, 1986; therefore, the scintilla rule was still in effect and shall be applied to determine if summary judgment was proper.